# STATE OF NORTH CAROLINA

_____DURHAM_____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| | |
|---|---|
| _Name And Address Of Plaintiff 1_<br>Alexis Abdul Raheem<br>3300 Shannon Road<br>Apt 11E<br>Durham        NC    27707 | **GENERAL**<br>**CIVIL ACTION COVER SHEET**<br>☒ INITIAL FILING   ☐ SUBSEQUENT FILING |

~~FILED~~
~~AUG 25 P 4:07~~
~~DURHAM CO., C.S.C.~~
~~BY:~~

_Name And Address Of Plaintiff 2_

Rule 5(b) of the General Rules of Practice for the Superior and District Courts

## VERSUS

_Name And Address Of Attorney Or Party, If Not Represented_
_(complete for initial appearance or change of address)_

| | |
|---|---|
| _Name And Address Of Defendant 1_<br>DAL Global Services, LLC & Delta Airlines, Inc.<br>2625 Glenwood Avenue<br>Suite 550<br>Raleigh    NC    27608 | Alesha S. Brown<br>725 E. Trade Street<br>Suite 115<br>Charlotte    NC    28202 |

_Summons Submitted_  ☒ Yes  ☐ No

| _Telephone No._<br>704-993-6825 | _Cellular Telephone No._<br>(704) 935-2656 |
|---|---|
| _NC Attorney Bar No._<br>53000 | _Attorney Email Address_<br>abrown@halldixonlaw.com |

_Name And Address Of Defendant 2_
Argenbright, Inc.
160 Mine Lake Court
Suite 200
Raleigh    NC    27615

☒ Initial Appearance in Case  ☐ Change of Address

| _Name Of Firm_<br>Hall and Dixon, PLLC | _Fax No._<br>704-626-2620 |
|---|---|

_Summons Submitted_  ☒ Yes  ☐ No

_Counsel For_
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: _(list party(ies) represented)_

☒ Jury Demanded In Pleading  ☐ Complex Litigation  ☐ Stipulate to Arbitration

## TYPE OF PLEADING

_(check all that apply)_

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) _(see Note)_
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) _Assess Court Costs_
☐ Crossclaim _(list on back)_ (CRSS) _Assess Court Costs_
☐ Dismiss (DISM) _Assess Court Costs_
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint _(list Third Party Defendants on back)_ (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other _(specify and list each separately)_

**NOTE:** _All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet._

_(Over)_

**EXHIBIT A**

| | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | ☐ Medical Malpractice (MDML) | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Minor Settlement (MSTL) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Money Owed (MNYO) | ☐ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Negligence - Motor Vehicle (MVNG) | Retaliation and Discrimination |
| ☐ Condemnation (CNDM) | ☒ Negligence - Other (NEGO) | |
| ☐ Contract (CNTR) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Possession Of Personal Property (POPP) | |
| ☐ Injunction (INJU) | | |

| Date | Signature Of Attorney/Party |
|---|---|
| 10/26/2020 | |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

*Defendant(s) Against Whom Crossclaim Asserted*

AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

20 CVS 003 6  File No.  2020-CVS-

DURHAM County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>Alexis Abdul Raheem | **CIVIL SUMMONS** |
| Address<br>3300 Shannon Road | **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |
| City, State, Zip<br>Durham NC 27707 | |

FILED
2020 OCT 26 P
DURHAM CO. C.S.C.

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| Name Of Defendant(s)<br>DAL Global Services, LLC and Delta Airlines, Inc. BY: ___<br><br>Argenrbright, Inc. | Date Original Summons Issued<br>10/26/2020 |
| | Date(s) Subsequent Summons(es) Issued |

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1<br>DAL Global Services and Delta Airlines<br>2625 Glenwood Avenue<br>Suite 550<br>Raleigh NC 27608 | Name And Address Of Defendant 2<br>Argenbright, Inc.<br>160 Mine Lake Court<br>Suite 200<br>Raleigh NC 27615 |
|---|---|

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles! Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)<br>Alesha S. Brown<br>725 E. Trade Street<br>Suite 115<br>Charlotte NC 28202 | Date Issued<br>10/26/2020 | Time<br>4:06 ☐ AM ☒ PM |
|---|---|---|
| | Signature<br>**Terry A. Perry** | |
| | ☑ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | | Name Of Defendant |
|---|---|---|---|
| | | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid <br> $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA

COUNTY OF DURHAM

FILED

2020 OCT 26 P 1 15

DURHAM CO., C.S.C.

BY _____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
2020-CVS-_____

ALEXIS ABDUL-RAHEEM,

       Plaintiff,

vs.

DAL Global Services, LLC d/b/a DELTA
GLOBAL SERVICES, DELTA
AIRLINES, INC. and ARGENBRIGHT,
INC.,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

NOW COMES PLAINTIFF, Alexis Abdul-Raheem ("Plaintiff") by and through undersigned counsel, complaining of the Defendants DAL Global Services, LLC, Delta Airlines, Inc. and Argenbright, Inc. (collectively "Defendants") as follows:

## PARTIES

1.    Plaintiff Alexis Abdul-Raheem is a citizen and resident of Durham County, North Carolina.

2.    Upon information and belief, Defendant DAL Global Services, LLC is a foreign Corporation, which, at all times relevant hereto, was authorized to and did conduct business in Durham County, North Carolina. Upon information and belief, Defendant DAL Global Services, LLC is jointly owned by Defendants Delta Airlines, Inc. and Argenbright, Inc.

3.    Upon information and belief, Defendant Delta Airlines, Inc. is a foreign Corporation, which, at all times relevant hereto, was authorized to and did conduct business in Durham County, North Carolina. Upon information and belief, Defendant DAL Global Services,

1

LLC is jointly owned by Defendants Delta Airlines, Inc. and Argenbright, Inc.

4.      Upon information and belief, Defendant Argenbright, Inc. is a foreign Corporation, which, at all times relevant hereto, was authorized to and did conduct business in Durham County, North Carolina. Upon information and belief, Defendant DAL Global Services, LLC is jointly owned by Defendants Delta Airlines, Inc. and Argenbright, Inc.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendants pursuant to N.C. Gen. Stat. § 1-75.4 as Defendants, upon information and belief, is a resident of Durham County, North Carolina.

6.      This Court has subject matter jurisdiction over Defendants, in that the acts and omissions of Defendants occurred in Durham County, North Carolina. The amount in controversy is in excess of $25,000.00.

7.      Venue is proper in this Court pursuant to N.C. Gen. Stat. § 1-79 and/or § 1-80. Plaintiff resides in Durham County, North Carolina. Upon information and belief, Defendants is a resident of Durham County, North Carolina.

## FACTUAL ALLEGATIONS

8.      In July 2018, Plaintiff was hired as an agent by Defendant DAL Global Services, LLC. Her duties and responsibilities included cleaning and preparing aircrafts for Delta Airlines.

9.      In early April 2019, Plaintiff began reaching out to Human Resources (HR) to make a number of verbal and written complaints about workplace safety, hostile work environment, discrimination[1] and retaliation.

---

[1] An EEOC charge has already been filed to address religious, sex and race discrimination. However, to date, the EEOC has not issued a right to sue letter.

2

10.     Shortly after Defendants began to retaliate against Plaintiff in various ways, including harassing Plaintiff, physically assaulting her (pulling at her shirt and bra, making her bra rip), calling her inappropriate names, denying her requests for a change in schedule even though Defendants were aware of Plaintiff's complaints and granted Plaintiff's colleagues' schedule changes.

11.     Plaintiff was told that changing bid schedules was based on seniority, but people who were hired after her received better schedules than Plaintiff.

12.     Anytime Plaintiff would make a complaint about unsafe workplace conditions, supervisors would fabricate stories about Plaintiff to get her in trouble. For instance, on June 6, 2019, Plaintiff had to leave work early because she was sick after having been on a plane that was not safe and that caused her to have to seek medical care and treatment.

13.     Plaintiff notified multiple supervisors about her illness and that she needed to leave work early to seek medical care. After Plaintiff left, she received an email from Defendants' employee, Crystal Turner, asking for a call about Plaintiff "leaving without proper authorization this morning."

14.     Plaintiff responded to Ms. Turner's email to explain that what had been reported was untrue and to explain what had actually occurred and noted the complaints Plaintiff had previously made about an aircraft she was working on being so hot is was unsafe (per the aircraft mechanics).

15.     When Plaintiff became aware that supervisors were fabricating stories about her in retaliation for her complaints regarding workplace conditions, Plaintiff sent an email detailing what had occurred to Michael James who works in Defendants' Human Resources Department

3

and asked for help.

16.     Plaintiff never received a response from Defendants' Human Resource Department.

17.     On July 24, 2019, Plaintiff sustained an injury on the job and was out of work due to restrictions imposed by her doctor. However, despite having a doctor's note, Plaintiff was told she still had to report her absence every shift. Plaintiff complied.

18.     During Plaintiff's time out due to the injury, Plaintiff received a notification from Crystal Turner that she had to complete a required training.

19.     Plaintiff wanted to return back to work. As such, she went in to complete the training but was unable to do so because she could not log into her work account. She notified her supervisors of this issue and requested help.

20.     When Plaintiff went to complete the training, Plaintiff was further harassed and humiliated by the managers on duty. Defendants' supervisors and employees called Plaintiff inappropriate names and stated that her prior complaint of a back injury was the reason why she was in the employment position she was in.

21.     On August 22, 2019, Plaintiff emailed Crystal Turner and Michael James to let them know her medical restrictions had been lifted and she would be returning to work and did not want to be harassed or have any issues.

22.     When Plaintiff returned in September 2019, all employees submitted a bid for new schedules. Once the schedules came out, Plaintiff realized she did not receive any of the days she bid on and that people who had worked for Defendants less than 90 days had received schedules she requested.

23.     Additionally, Plaintiff requested a schedule change so she would not have to work

4

with the managers who were discriminating, assaulting, harassing, humiliating, and retaliating against her.

24.     After making complaints, Plaintiff was also overlooked for a promotion to team lead position, a position she was well-qualified for and had already been performing duties required by the position.

25.     Plaintiff consistently reached out to Human Resources and management about schedule issues but was ignored until her case manager for my Workers Compensation claim sent Defendants a message. Importantly, no one from Defendants' Human Resources Department or management team ever addressed the schedule issue.

26.     Instead of addressing the retaliation and harassment Plaintiff complained of, Crystal Turner sent Plaintiff another email requiring her to take a mandatory training course that she had already tried to take but was unable to do so because she was not allowed access to Defendants' system after her medical leave. Prior to sending the email, Turner knew Plaintiff was experiencing access issues and had previously attempted to take the course.

27.     Because the retaliation and harassment Plaintiff experienced and reported was blatantly ignored by Defendants, Plaintiff's attorney sent counsel for Defendants an e-mail detailing the retaliation, assault, hostility, discrimination and harassment Plaintiff experienced as an employee and, again, requested a schedule change.

28.     Defendants responded to Plaintiff's counsel by advising that in order for Plaintiff to receive a schedule change, Plaintiff would have to contact Crystal Turner, one of the managers who was aware of everything that occurred and who was also engaging in the discriminatory and retaliatory behavior.

5

29.     Crystal Turner was copied on the email to Plaintiff's counsel. Instead of addressing the issue regarding a schedule change to alleviate some of the harassment Plaintiff experienced, on the next day, Crystal Turner sent Plaintiff an email regarding attendance concerns, even though she knew Plaintiff was out of work due to her work-related injury and because Plaintiff could no longer endure the harassment, bullying, assault, discrimination and retaliation from the supervisors Plaintiff would be working with had she worked according to the schedule she was assigned.

30.     Had Defendants responded to Plaintiff's request for a schedule change, Plaintiff could, and would, have returned back to work.

31.     Defendants retaliating, harassing and discriminating against Plaintiff due to her making complaints about work conditions and the work-related injury she sustained was unlawful.

32.     Shockingly, even after counsel was involved, Defendants' supervisors and employees continued to harass Plaintiff by calling her to ask what had occurred and engaging in other passive aggressive actions against Plaintiff.

33.     Defendants did nothing about the various complaints of harassment and retaliation made by Plaintiff to management and Human Resources. As such, the retaliation continued to occur even after legal became involved. Plaintiff was constantly called offensive names by supervisors, ignored by Human Resources, and treated differently than co-workers far less senior than her in obtaining a work schedule that would work well for her and her children.

34.     Unfortunately, Plaintiff suffered a miscarriage due to the stress from the work-place conditions she endured while working for Defendants.

35.     Accordingly, on March 20, 2020, Plaintiff filed a Discrimination Complaint with the North Carolina Department of Labor.

6

36.     On July 27, 2020, Plaintiff received a right-to-sue letter from the North Carolina Department of Labor.

37.     Plaintiff files this instant lawsuit within the 90-day time frame required by N.C. Gen. Stat. §95-243.

**FIRST CAUSE OF ACTION**
**(Violation of North Carolina's Retaliatory Employment Discrimination Act)**

38.     Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

39.     Pursuant to North Carolina's Retaliatory Employment Discrimination Act ("REDA"), no person shall discriminate or take any retaliatory action against an employee for filing, or threatening to file, a complaint about work-place conditions.

40.     REDA also prohibits retaliation and discrimination against an employee who files a Workers Compensation Complaint.

41.     Plaintiff made multiple good-faith complaints to Defendants' management and Human Resources Department regarding Defendants' unsafe work conditions and the hostility, harassment, discrimination and retaliation Plaintiff endured during her employment.

42.     Plaintiff's Workers Compensation claim was filed in good faith after she was injured during her employment with Defendants.

43.     Defendants violated REDA because they harassed, discriminated and retaliated against Plaintiff because she made complaints of work-place conditions and after she filed her good-faith Workers Compensation claim.

44.     At all times relevant, Defendants were notified on multiple occasions about the issues Plaintiff experienced and willfully ignored Plaintiff's complaint about her schedule and

7

having to work with the supervisors who ignored the work-place conditions complained of and who willfully discriminated against, retaliated against, harassed, humiliated, and bullied Plaintiff.

45.     Plaintiff suffered an adverse employment action when she was not given a schedule she requested and was overlooked for promotion for team lead, even though, upon information and belief, colleagues less senior than her received requested schedules and promotions. Plaintiff also suffered an adverse employment action when she was continuously subjected to bullying, being called inappropriate names, being humiliated in front of her colleagues, being physically assaulted by a supervisor and more.

46.     The discrimination, retaliation, harassment, humiliation and bullying Plaintiff endured while being employed by Defendants is the actual and proximate cause of Plaintiff's ongoing physical, emotional and mental injuries. Importantly, Plaintiff suffered a miscarriage due to the stress from the work-place conditions she endured while working for Defendants.

47.     Because Defendants' actions were willful, Plaintiff is entitled to treble damages.

### SECOND CAUSE OF ACTION
### (Negligent Hiring, Supervision, and Retention)

48.     Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

49.     Upon information and belief, Defendants were aware of the discriminatory and retaliatory actions of their supervisors, Human Resource Department and employees that caused Plaintiff's ongoing injuries.

50.     However, Defendants employed, and continued to employ, such employees, and was, well aware they could not perform their job duties without engaging in unlawful and discriminatory and retaliatory practices.

8

51.  At all times relevant, Defendants were aware of their employees' incompetence and failures, but has failed to take any action to remedy such incompetence of many of its employees.

52.  Defendants' prior and ongoing negligent hiring, supervision and retention of incompetent employees has, and continues to proximately cause Plaintiff's severe physical, emotional and mental harm and anguish.

53.  As such, Plaintiff is entitled to and seek damages, including but not limited to, compensatory damages, for her past and current harm due to Defendants' negligence.

54.  Because Defendants were, and remains, aware of their employees' incompetence with resolving issues involving unlawful and discriminatory treatment of Plaintiff, Defendants' failure to remedy such dangers constitutes willful and wanton disregard for Plaintiff's rights under North Carolina common law, and therefore, such actions are contrary to the State's public policy and interest. As such, Plaintiff seeks and is entitled to punitive damages from Defendants to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

### THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

55.  Plaintiff reiterates and realleges each and every paragraph above as set forth fully herein.

56.  The constant willful bullying, harassment, being called inappropriate names, and physical assault Plaintiff endured while employed by Defendants all constitute extreme and outrageous conduct that went beyond all possible bounds of decency.

57.  At all times, the constant bullying, harassment, being called inappropriate names, and physical assault Plaintiff endured while employed by Defendants was intended to cause

9

Plaintiff severe emotional distress, and did in fact, cause Plaintiff's ongoing severe emotional distress (e.g. a miscarriage, lack of sleep, concern regarding income, and more).

58.     Further, ignoring Plaintiff's multiple requests to change her schedule so she could avoid such extreme and outrageous conduct was also intended to cause Plaintiff severe emotional distress, and did in fact, cause Plaintiff's ongoing severe emotional distress (e.g. a miscarriage, lack of sleep, concern regarding income, and more).

59.     Because Defendants' actions were a willful and wanton disregard for Plaintiff's rights under North Carolina law, such actions are contrary to the State's public policy and interest. As such, Plaintiff seeks and is entitled to punitive damages from Defendants to the maximum extent allowed pursuant to North Carolina General Statute, Chapter 1D.

## JURY DEMAND

Plaintiff demands that all matters not suitable for determination by this Honorable Court be determined by a jury of his peers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court for the following:

1.     An order entering judgment in favor of Plaintiff in an amount to be determined at trial for each Cause of Action herein;

2.     An order awarding Plaintiff actual and compensatory damages against Defendants;

3.     An award of punitive damages against Defendants, as allowed by Chapter 1D of the North Carolina General Statutes;

10

4.    An award of treble damages for Defendants' willful violation of North Carolina's

Retaliatory Employment Discrimination Act;

5.    All costs and expenses in this action, including reasonable attorney's fees from

Defendants; and

6.    Any and all further relief this Court deems necessary and proper.

This the 26th day of October 2020

**HALL & DIXON, PLLC**

Alesha S. Brown, NC Bar # 53000
Hall and Dixon, PLLC
725 East Trade Street, Suite 115
Charlotte, NC, 28202
P: (704) 935-2656
F: (704) 626-2620

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **COMPLAINT** delivered to each of the below listed person(s) this date by placing the same in an official depository under the exclusive care and custody of the United States Postal Service addressed as follows:

**DAL Global Services, LLC**
**2625 Glenwood Avenue, Suite 550**
**Raleigh, NC 27608**

**Delta Airlines, Inc.**
**2625 Glenwood Avenue, Suite 550**
**Raleigh, NC 27608**

**Argenbright, Inc.**
**160 Mine Lake Court, Suite 200**
**Raleigh, NC 27615**

This the 26th day of October 2020

**HALL & DIXON, PLLC**

Alesha S. Brown, NC Bar # 53000
Hall and Dixon, PLLC
725 East Trade Street, Suite 115
Charlotte, NC, 28202
P: (704) 935-2656
F: (704) 626-2620

12

Hail and Dixon, PLLC
725 East Trade Street Suite 115
Charlotte, NC, 28202

CERTIFIED MAIL®

7019 2280 0001 4636 8212



U.S. POSTAGE PAID
FCM LG ENV
CHARLOTTE, NC
28204
OCT 30, 20
$00.00
R2304M111438-09

27608